per curiam:
The plaintiff seeks damages for his dismissal from employment by Grumman Corporation. He asserts that his discharge violated the Veterans’ Preference Act, 5 U.S.C. § 7513 (Supp. III 1979), because he was not given 30 days’ notice or a reasonable time to answer the grounds for dismissal. The defendant has moved to dismiss for failure to state a claim within the jurisdiction of this court, because the plaintiff was not an employee of the United States. We grant the motion.
The Veterans’ Preference Act applies only to employees of the Executive branch of the United States or of the District of Columbia. 5 U.S.C. §§ 2102, 7511(a)(1) (1976 & Supp. III 1979). By his own admission, the plaintiff was not an employee of either entity but of a private employer, Grumman Corporation. Although the plaintiffs duties with Grumman may have involved work that Grumman did for the National Aeronautics and Space Administration, that would not have made the plaintiff a "'de facto’ preference eligible employer,” as he contends. Only persons appointed to federal positions are federal employees. Costner v. United States, ante at 87, 665 F.2d 1016 (1981); Baker v. United *623 States, 222 Ct. Cl. 263, 614 F.2d 263 (1980). The plaintiff was not so appointed, and he is not entitled to the protections the Veterans’ Preference Act gives to federal employees.
The defendant’s motion to dismiss is granted, and the petition is dismissed.